IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Billie Dabney and Sylvia R. Gary, | ) | C/A No. 3:11-666-MBS-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Kershaw County, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiffs, Billie Dabney and Sylvia R. Gary ("Plaintiffs"), filed a Complaint in the Court of Common Pleas in Kershaw County asserting that they were subjected to a hostile work environment because of their age and were constructively discharged from their employment without cause. The defendant removed the case to federal district court pursuant to 28 U.S.C. § 1441, asserting jurisdiction based upon 28 U.S.C. §§ 1331, 1343, and 1441. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion for judgment on the pleadings.[1] (ECF No. 23.) Having reviewed the parties' submissions, the court finds that the defendant's motion should be granted in part and denied in part.

---

[1] The plaintiffs filed a response in opposition to the defendant's motion. (ECF No. 25.) However, the court is not considering this response as it was untimely filed. See Local Civil Rule 7.06 DSC. Even so, the court observes that the plaintiffs' response fails to address two of the three claims raised by the defendant in its motion.

PJG

# DISCUSSION

The defendant seeks judgment on the pleadings for three of the claims raised in the plaintiffs' Complaint: breach of contract (third cause of action); violation of South Carolina public policy (fourth cause of action); and violation of 42 U.S.C. § 1983 (fifth cause of action).

The plaintiffs' third cause of action—breach of contract—alleges that Kershaw County provided a handbook to the plaintiffs containing written policies and procedures and informed the plaintiffs that "such policies would control the terms and conditions of their employment." (Compl. at ¶ 38, ECF No. 1-1 at 8.) The plaintiffs further allege that Kershaw County breached the policies in the handbook, acted in bad faith, and subjected the plaintiffs to a hostile work environment. (Id. at ¶¶ 39-40, ECF No. 1-1 at 8.)

South Carolina law indicates that, generally, contract-based claims such as breach of the implied covenant of good faith and fair dealing and breach of contract accompanied by a fraudulent act are not viable in the at-will employment context. See Grant v. Mt. Vernon Mills, Inc., 634 S.E.2d 15, 19 (S.C. Ct. App. 2006). However, "when an employee's at-will status has been altered by the terms of an employee handbook, an employee, when fired, may bring a cause of action for wrongful discharge based on breach of contract." Hessenthaler v. Tri–County Sister Help, Inc., 616 S.E.2d 694, 697 (S.C. 2005). To prevail on this claim, the plaintiffs must show: (1) that the handbook provisions and procedures at issue apply to the employee; (2) that the handbook sets out procedures binding on the employer; and (3) that the handbook does not contain a conspicuous and appropriate disclaimer. Grant, 634 S.E.2d at 20.

The court observes that the handbook at issue is not currently part of the record in this matter; moreover, further factual development appears to be necessary to evaluate properly the defendant's

basis for its motion with regard to this claim. Therefore, at this stage in the proceedings, judgment on the pleadings as to this claim appears to be premature. Accordingly, the court recommends that the defendant's motion as to this claim be denied without prejudice to renew their motion on a fully developed record.

The plaintiffs' fourth cause of action seeks relief for wrongful discharge in violation of South Carolina public policy, alleging that Kershaw County "subjected Plaintiffs to an intolerable and hostile working environment, and ultimately constructively discharged Plaintiffs, because of their age." (Compl. at ¶ 43, ECF No. 1-1 at 9.) State law recognizes that a cause of action in tort for wrongful discharge arises where the retaliatory discharge of an at-will employee constitutes violation of a clear mandate of public policy. Ludwick v. This Minute of Carolina, Inc., 337 S.E.2d 213, 216 (1985). This public policy exception does not apply, however, when the employee has an existing statutory remedy for the wrongful termination. See Stiles v. Am. Gen. Life Ins. Co., 516 S.E.2d 449, 452 (S.C. 1999) (Toal, J., concurring); Heyward v. Monroe, 1998 WL 841494, at *4 (4th Cir. Dec. 7, 1998) (finding that South Carolina's public policy exception "has not been extended to circumstances where there is a statutory remedy for employment discrimination."); see, e.g., Dockins v. Ingles Markets, Inc., 413 S.E.2d 18, 19 (S.C. 1992) (finding that employee allegedly terminated in retaliation for filing complaint under Fair Labor Standards Act had existing statutory remedy for wrongful termination). As the plaintiffs' public policy claims are based on their allegations of age discrimination, their claims are barred because they have statutory remedies under the ADEA and the South Carolina Human Affairs Law. Accordingly, the court recommends that the defendant's motion be granted as to the plaintiffs' fourth cause of action.

*PJG*

The plaintiffs' fifth cause of action alleges that Kershaw County violated 42 U.S.C. § 1983 by denying the plaintiffs equal protection under the law in that Kershaw County subjected the plaintiffs to a hostile work environment and constructively discharged them from their employment due to their age. (Compl. at ¶ 46, ECF No. 1-1 at 9.) The plaintiffs' § 1983 claims are not actionable, as the ADEA provides the exclusive judicial remedy for claims of age discrimination. Zombro v. Baltimore City Police Dep't, 868 F.2d 1364, 1370 (4th Cir. 1989). Accordingly, the court recommends that the defendant's motion be granted as to the plaintiffs' fifth cause of action.

## RECOMMENDATION

For the reasons stated above, the court recommends that the defendant's motion for judgment on the pleadings be granted as to the plaintiffs' fourth and fifth cause of action and denied at this time as to the plaintiffs' third cause of action. (ECF No. 23.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 11, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).