IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Billie Dabney, and Sylvia R. Gary, | ) | C/A No. 3:11-666-JFA-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Kershaw County, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiffs, Billie Dabney and Sylvia R. Gary, filed this action asserting violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., as well as a state law claim for breach of contract, against the defendant, Kershaw County.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 33.) The plaintiffs filed a response in opposition (ECF No. 40) and the defendant replied (ECF No. 41). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

**BACKGROUND**

The following facts are either undisputed or are viewed in the light most favorable to the plaintiffs, to the extent they find support in the record. Plaintiffs are former long-time employees of Kershaw County. In 2009, when Dabney was aged 62 and Gary aged 47, Kershaw County had

---

[1] On May 7, 2012, the Honorable Margaret B. Seymour, Chief United States District Judge, granted the defendant's motion for judgment on the pleadings as to the plaintiffs' fourth and fifth causes of action for wrongful discharge in violation of public policy and violation of 42 U.S.C. § 1983, respectively.



recently hired three new managers: Clay Young, Kershaw County Administrator, aged 47; James Absher, Assistant Administrator, 39; and Crystal Burr, Assistant Finance Director, 26.[2] Plaintiffs' relationships with Burr quickly soured, as Plaintiffs perceived that Burr was unpleasant, hateful, and demeaning toward them. During April and May of 2009, Dabney heard Burr complain on various occasions that older workers had too much leave, made too much money, and performed substandard work. In August of 2009, Plaintiffs were placed under Burr's supervision. Within two weeks, Plaintiffs, both with unblemished employment histories, had received written reprimands from Burr. On September 14, 2009, Dabney had a verbal altercation with Burr which culminated in what Dabney perceived to be an intentional physical assault by Burr, in which Burr pushed Dabney, who was sitting in her desk chair, into the desk, leaving a bruise on Dabney's arm.

Plaintiffs complained to Young and Absher about how Burr was treating them. Gary attempted to defend herself against Burr's reprimand by writing a response and providing copies to members of the Kershaw County Council before a meeting on September 9, 2009. Around September 18, 2009, Gary met with Young and Absher, who informed Gary that she would be moved under Absher's supervision. Additionally, Gary understood that she would become the human resources contact for the County. When she returned from lunch that day, however, Gary found that Burr had removed all of the County's personnel files from Gary's office. Feeling as though Burr were determined to have them terminated, Plaintiffs signed letters on September 21, 2009 indicating their intent to retire effective October 2, 2009.

---

[2] All ages are approximate.

## DISCUSSION

A.     **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of *material fact*."  Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (emphasis in original) (internal quotation marks & citation omitted).  A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor.  Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002).  The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).  The court must determine whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms.  See id. at 148 (stating that "[c]ertainly there



will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory").

**B.      Burden Shifting Framework in Employment Cases**

A plaintiff may demonstrate discrimination through direct or circumstantial evidence. When direct evidence is lacking, a plaintiff may produce circumstantial evidence and proceed under the McDonnell Douglas burden shifting framework.  Warch v. Ohio Casualty Ins. Co., 435 F.3d 510, 520 (4th Cir. 2006); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Pursuant to this framework, once the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for the adverse action.   Merritt v. Old Dominion Freight, 601 F.3d 289, 294 (4th Cir. 2010).   The defendant's burden "is a burden of production, not persuasion." Reeves, 530 U.S. at 142.  Once a defendant meets this burden by producing affidavits or testimony demonstrating a legitimate, nondiscriminatory reason, "the McDonnell Douglas frame work—with its presumptions and burdens—disappear[s], and the sole remaining issue [is] discrimination *vel non*." Id. (internal quotation marks & citations omitted).

In other words, if the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason, the plaintiff must demonstrate by a preponderance of the evidence that the proffered reason was " 'not its true reason[], but [was] a pretext for discrimination.' " Merritt, 601 F.3d at 294 (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)). Accordingly, the plaintiff's burden of demonstrating pretext " 'merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination.' " Merritt,



601 F.3d at 294 (quoting Burdine, 450 U.S. at 256) (alterations in original); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 319 (4th Cir. 2005). To meet this "merged" burden, the employee may prove by a preponderance of the evidence that the decision maker's affidavit is untrue or that the employer's proffered explanation is unworthy of credence. Burdine, 450 U.S. at 256.

"[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, *may* permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves, 530 U.S. at 148. However, "if the record conclusively reveal[s] some other, nondiscriminatory reason for the employer's decision, or if the plaintiff create[s] only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred," summary judgment is appropriate. Id. Accordingly, the court must evaluate "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law." Id. at 148-49. "Notwithstanding the intricacies of proof schemes, the core of every [discrimination] case remains the same, necessitating resolution of the ultimate question of . . . whether the plaintiff was the victim of intentional discrimination." Merritt, 601 F.3d at 294-95.

**C.     Plaintiffs' Claims**

   **1.     ADEA Claims for Discriminatory Constructive Discharge and Hostile Work Environment**

To obtain relief based upon alleged age discrimination under the ADEA, a plaintiff must demonstrate that: (1) she is a member of a protected class; (2) she suffered an adverse employment

action; (3) at the time of the adverse employment action, she was performing her job at the level that met the employer's legitimate expectations; and (4) she was discharged under circumstances that raise a reasonable inference of unlawful discrimination.[3] See O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 310-12 (1996) (discussing the *prima facie* case under the ADEA); see also Warch v. Ohio Cas. Ins. Co., 435 F.3d 510 (4th Cir. 2006). Here, Plaintiffs contend that they were constructively discharged, which requires them to show that the County created intolerable working conditions in a deliberate effort to force them to resign. Whitten v. Fred's, Inc., 601 F.3d 231, 248 (4th Cir. 2010); Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1353-54 (4th Cir. 1995). A constructive discharge occurs when a reasonable person in the employee's position would have felt compelled to resign. See Pennsylvania State Police v. Suders, 542 U.S. 129, 147 (2004). "An employee is protected from a calculated effort to pressure him into resignation through the imposition of unreasonably harsh conditions, in excess of those faced by his co-workers." Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255 (4th Cir. 1985). "However, mere dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign." Heiko v. Colombo Sav. Bank, F.S.B., 434 F.3d 249, 262 (4th Cir. 2006) (quotation marks and citation omitted). Moreover, Plaintiffs must show that the County's alleged actions to force their resignations were because of their age. See Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 188 (4th Cir. 2004).

---

[3] The court notes that the United States Supreme Court has held that to prevail on an ADEA claim, a plaintiff must show that age was the "but for" cause of the adverse action of the employer. Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176 (2009) ("To establish a disparate-treatment claim under the plain language of the ADEA . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision.").



Courts have generally assumed that the ADEA prohibits creating or allowing a hostile work environment based on age. See, e.g., Baqir v. Principi, 434 F.3d 733, 746 n.14 (4th Cir. 2006). Such an environment exists "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or persuasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (internal quotation marks & citations omitted) (Title VII). However, "[w]orkplaces are not always harmonious locales." E.E.O.C. v. Sunbelt Rentals, Inc., 521 F.3d 306, 315-16 (4th Cir. 2008) (Title VII). Moreover, Title VII and the ADEA are not "general civility code[s]." Oncale v. Sundower Offshore Servs., Inc., 523 U.S. 75, 80 (1998) (Title VII); Shirer v. Tri-County Elec. Co-op., Inc., C/A No. 5:07-1156-MBS, 2009 WL 2900767, at *8 (D.S.C. Sept. 9, 2009) (Title VII & ADEA).

To make out a hostile work environment under the ADEA, a plaintiff must show: (1) she experienced unwelcome harassment; (2) the harassment was because of age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. Baqir, 434 F.3d at 745-46.

To meet the second element, a plaintiff must show that "but for" her age, she would not have been a victim of harassment. See Causey v. Balog, 162 F.3d 795, 801 (4th Cir. 1998) (Title VII & ADEA). The federal anti-discrimination statutes do not protect employees from hostility and abuse from their supervisors unless the objectionable conditions occur because of a protected characteristic. See Graham v. Prince George's Cnty., 191 Fed. Appx. 202, 204 (4th Cir. 2006) (finding the district court did not err in determining that "although [the] facts reflected an unpleasant working



environment, they did not support a hostile one based on an unlawful characteristic"); see also Oncale, 523 U.S. at 80; Shirer, 2009 WL 2900767, at *8.

Plaintiffs rely on the same alleged facts to support their claims of discriminatory constructive discharge and hostile work environment. However, the actions they complain of do not meet the legal standard for either claim. Courts have held that employment actions based on factors other than age—even when the factors correlate with age—such as higher salaries, retirement eligibility, or costly benefits, do not constitute age discrimination. See, e.g., Hazen Paper Co. v. Biggins, 507 U.S. 604, 608-13 (1993); Allen v. Highlands Hosp. Corp., 545 F.3d 387, 399-400 (6th Cir. 2008); James v. N.Y. Racing Ass'n, 233 F.3d 149, 153 (2d Cir. 2000); EEOC v. McDonnell Douglas Corp., 191 F.3d 948, 951 (8th Cir. 1999); Broaddus v. Fla. Power Corp., 145 F.3d 1283, 1287 (11th Cir. 1998); see also Dennio v. Asplundh Tree Expert Co., No. 95-1904, 1996 WL 423125, at *3 (4th Cir. July 30, 1996). Thus, Burr's expressed frustration over more senior employees having greater benefits than she could attain does not establish age discrimination.

Moreover, the negative aspects of Plaintiffs' work environments do not rise to the level of constructive discharge. Rude treatment from a co-worker, as Burr was for the majority of the relevant time, and an unfair reprimand from a supervisor, are insufficient to cause a reasonable person to resign. See Williams v. Giant Food Inc., 370 F.3d 423, 434 (4th Cir. 2004) (finding that allegations that supervisors yelled at the plaintiff, gave her poor evaluations, told her she was an incompetent manager, criticized her in front of customers, and once insisted that she work with an injury, even if true, fail to establish constructive discharge); Carter v. Ball, 33 F.3d 450, 459 (4th Cir. 1994) ("Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign.");

Alba v. Merrill Lynch & Co., 198 Fed. Appx. 288, 294-95 (4th Cir. 2006) (finding the plaintiff failed to present sufficient evidence of intolerable working conditions where the employer forced the plaintiff's son to resign, threatened the plaintiff with loss of certain benefits if he refused to retire, told some of the plaintiff's coworkers that he was going to be terminated, and disconnected the plaintiff's access to the employer's computer system).  Even the most egregious allegation of hostility—the alleged assault on Dabney—cannot reasonably be found to have prompted a constructive discharge, as Dabney gave two weeks' notice and continued to work up to her effective retirement date.  See, e.g., Shelar v. Ameripride Servs. Inc., No. 03-4205-SAC, 2006 WL 1877010, at *9 (D. Kan. July 6, 2006) ("Giving several weeks notice of the date on which one will be compelled to resign is unprecedented, in this court's experience, for a successful constructive discharge claim.").  Similarly, Plaintiffs' claims of deliberate inaction by Absher and Young do not rise to the level required for a finding of constructive discharge.

     Nor does Burr's behavior or Young's and Absher's alleged inaction rise to the standard of being so "severe" and "pervasive" so as to create an abusive working environment. When analyzing this element, courts examine the totality of the circumstances, considering such factors as the frequency of the discriminatory conduct and its severity; whether it is physically threatening or humiliating or merely constitutes offensive verbal statements; and whether it unreasonably interferes with an employee's work performance.  See Harris, 510 U.S. at 23; E.E.O.C. v. Xerxes Corp., 639 F.3d 658, 676 (4th Cir. 2011); see also Sunbelt Rentals, Inc., 521 F.3d at 315-16 (stating that complaints that would objectively give rise to bruised or wounded feelings or incidents that are premised on nothing more than rude treatment, callous behavior, or a routine difference of opinion and personality conflict will not satisfy the severe or pervasive standard).  Facing allegations of



treatment comparable to that presented here, courts have found no viable ADEA hostile work environment claim. See, e.g., Burns v. AAF-McQuay, Inc., 166 F.3d 292, 294-95 (4th Cir. 1999) ("[The plaintiff] has forecast no evidence tending to show that the asserted offensiveness of the working environment at [her employer] was sufficiently severe or pervasive to create an environment that was objectively hostile to her because of her age. . . . Thus the only comments properly attributed to [the plaintiff's] age are [her supervisor's] inquiry concerning her plans for retirement, his reference to her acting like a child, and perhaps his comment that [the plaintiff] did not fit in with his group."); Griffith v. Wal-Mart Stores East, L.P., No. 6:12-CV-00011, 2012 WL 5465501, at *8 (W.D. Va. Aug. 24, 2012) (finding a plaintiff failed to alleged a plausible ADEA hostile work environment claim where the plaintiff alleged "that he experienced disciplinary treatment that was inconsistent with the treatment received by a younger manager at a nearby store; that despite mutually achieving a goal with his younger Co-Manager, only that younger Co-Manager was recognized with an award; that the younger Co-Manager was given preferential treatment with respect to assigned workspace; that he, Griffith, had to work in an associates' lounge; that having to do so was humiliating; that Defendant improperly skipped progressive disciplinary steps when dealing with Plaintiff; and that the foregoing was all motivated by [the defendant's] policy to push out older, more expensive employees"); Myers v. Maryland Auto. Ins. Fund, C/A No. CCB-09-3391, 2010 WL 3120070, at *6 (D. Md. Aug. 9, 2010) (holding that a plaintiff failed to state a claim where he alleged four negative performance-related discussions/evaluations over an eight month period, which they may have been offensive, were not physically humiliating or targeted at his age or disabilities). Moreover, Burr's comments about the benefits enjoyed by employees with long tenure, which were made to Dabney months before Burr became her supervisor, lack the frequency and

severity, considering the totality of the circumstances, to show that Plaintiffs were subjected to a hostile work environment because of their age.

Finally, Plaintiffs cannot demonstrate that liability for any alleged age discrimination should be attributed to Kershaw County. As discussed above, Plaintiffs' claims of constructive discharge fail, so Plaintiffs cannot establish a tangible employment action resulting from unlawful harassment by a supervisor. See Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998) (providing for an affirmative defense for an employer to avoid strict liability for unlawful harassment by a supervisor where no tangible employment action culminates); Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765 (1998) (same). With no tangible employment action, the County avoids liability by showing that it exercised reasonable care to prevent harassment and that Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities that it provided or to otherwise avoid harm. See Faragher, 524 U.S. at 807; Ellerth, 524 U.S. at 765 (discussing affirmative defenses to gender-based harassment claims). Plaintiffs do not dispute that the County had in place a policy prohibiting unlawful harassment with a process for reporting claims of harassment and that they never complained to anyone at the County that Burr mistreated them *because of age*. See Graham, 191 Fed. Appx. at 204.

### 2.     Breach of Contract

In their opposition memorandum, Plaintiffs advance no argument countering the County's showing that it is entitled to summary judgment on Plaintiffs' breach of contract claim. For the reasons stated in the County's summary judgment motion, the court concludes that the County is also entitled to summary judgment as to the breach of contract claims.

## RECOMMENDATION

For the foregoing reasons, the court recommends that Kershaw County's motion for summary judgment be granted as to all of Plaintiffs' claims.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 15, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).