IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billie Dabney and Sylvia R. Gary,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Kershaw County,<br><br>                    Defendant. | C/A No. 3:11-cv-00666-JFA<br><br><br><br><br>**ORDER** |

Plaintiffs Billie Dabney and Sylvia R. Gary bring this action against Defendant Kershaw County asserting claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq*. and under South Carolina law for breach of contract.[1] This matter is before the court on Defendant's motion for summary judgment. *See* ECF No. 33. The Magistrate Judge assigned to this action[2] has prepared a Report and Recommendation wherein she recommends that this court grant this motion. The Report and Recommendation sets forth the relevant facts and standards of law in this matter, and the court incorporates such without a recitation. The Plaintiffs have filed Objections to the Report, and thus this matter is ripe for review.

Plaintiffs' ADEA claims allege both discriminatory constructive discharge and a hostile work environment. The Magistrate Judge found that the facts in this case do not meet the legal standards for either claim, citing ample case law in support of her Recommendation. The Plaintiffs' Objections to the Report and Recommendation do not allege that the Magistrate Judge failed to consider any facts of record or apply these facts to the applicable law. Rather, the

---

[1] Judge Seymour previously dismissed Plaintiffs' two other causes of action for violation of equal protection (asserted via 42 U.S.C. § 1983) and for wrongful discharge in violation of public policy. *See* ECF No. 28.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

objections appear to merely reassert many of the same arguments the Plaintiffs made in response to the Defendant's motion for summary judgment, emphasizing that the Magistrate Judge failed to appreciate the severity of the relevant facts and failed to reach the correct result. According to Plaintiffs, when the specific facts highlighted in Plaintiffs' Objections are given proper weight, the Defendant is not entitled to judgment as a matter of law on Plaintiffs' age discrimination claims.

The court has made a careful, *de novo* review of the record in this case, the briefs of the parties, and the specific facts the Plaintiffs stressed in their Objections. Although the Defendant has asserted a number of grounds on which it asserts that it is entitled to summary judgment, the court wishes to emphasize the paucity of evidence that age was the cause of any alleged discrimination in this case, much less the "but-for" cause. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) ("To establish a disparate-treatment claim under the plain language of the ADEA . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision."). For this reason and the reasons discussed in the Report and Recommendation, the court agrees with the Magistrate Judge that the Defendant is entitled to judgment as a matter of law. Therefore, the court adopts the Magistrate Judge's discussion of Plaintiffs' ADEA claims and hereby grants the Defendant's motion for summary judgment thereon.

As noted above, Defendant has also moved for summary judgment on Plaintiffs' cause of action for breach of contract under state law. Plaintiffs did not respond to this portion of Defendant's summary judgment motion, and the Magistrate Judge recommended that the court grant Defendant summary judgment for the reasons stated in Defendant's motion. Notably, Plaintiffs did not object to this aspect of the Report and Recommendation. The court agrees with

the Magistrate Judge and accordingly adopts her discussion of this claim. The Defendant is likewise entitled to summary judgment on Plaintiffs' breach of contract claim.

## CONCLUSION

After a careful review of the record, the applicable law, the Report and Recommendation, and the Objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Therefore, the Defendant's motion is hereby granted, and this case is dismissed with prejudice.

IT IS SO ORDERED.

March 25, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge